Adjudication against Bennett only. Petition dismissed as to Amos.

---

## Case No. 1,315.

### In re BENNETT.

### In re ERBEN.

· [2 N. B. R. 181, (Quarto, 66;) 8 Am. Law Reg. (N. S.) 34; 6 Phila. 472; 25 Leg. Int. 316; 1 Balt. Law Trans. 21; 1 Chi. Leg. News, 22.]

District Court, E. D. Pennsylvania. 1868.

BANKRUPTCY—EXEMPTIONS—VESTED EXPECTANCY.

Under the provision of the fourteenth section of the bankrupt law of March 2d, 1867, [14 Stat. 523,] excepting from operations of the act the property of debtors exempted from the levy and sale by the laws of the state, a vested expectant interest of a bankrupt in a sum of money payable at his own death, or at the death of another person, may, in Pennsylvania, be set apart for the use of the bankrupt; so, however, that its appraised present value, estimated as in case of life insurance, does not exceed three hundred dollars, or that the bankrupt does not receive more than three hundred dollars, if the value thus estimated exceeds that amount.

[Cited in Re Bear, Case No. 1,178.]

In bankruptcy. In Bennett's case the bankrupt was one of the children of an intestate, whose land having been sold under proceedings in the orphan's court of the proper county of the state, a third of the money produced was invested so as to secure to the intestate's widow the receipt of the interest for her life, and to his children the receipt, in equal shares, of the capital at her death. The widow was living when the inventory and appraisement of the bankrupt's effects were made, and the date of the allotment of what was set apart for his own use under the provisions of the fourteenth section of the act of congress. His expectant vested interest in the share of the capital payable at her death · was appraised at its present value, estimated as in case of life insurance. The valuation was of less amount than three hundred dollars. The bankrupt claimed, and the assignee set apart for him, this item of the estate as excepted from the operations of the proceedings in bankruptcy, by the fourteenth section

of the act of congress of 2d March, 1867, [14 Stat. 523,] under the. head of property "exempted from levy and sale, upon execution or other process or order of court by, the laws of the state * * * to an amount not exceeding that allowed by those laws in force in 1864."

In Erben's case the bankrupt had effected an insurance on his own life in a sum of money payable at his death to his wife. It was alleged that he had been solvent when the insurance was effected, and that it formed no part of his estate. But he had paid the annual premiums after his insolvency. This insurance had been appraised as part of the assigned estate, and had afterwards been claimed and set apart for the use of himself as exempt under the provisions of the act of congress, and those laws of the state upon which the question arose in Bennett's case.

Upon the hearing of these cases in the court of bankruptcy, the judge said that in the case of a similar expectant interest in corporeal property, which interest could be levied on and sold under an execution, he would have had no doubt of the applicability of the exemption laws of the state. But the expectant interests here in question could not be sold under an execution. They could not be reached by a creditor in a court of the state, otherwise than by way of attachment execution, a proceeding under which there could be no sale, in the strict sense of the word. In each case the question of exemption depended, under the act of congress, altogether upon the effect of legislation of the state, or depended upon a meaning of words, which was to be determined according to the effect attributable to them by the courts of the state under such legislation. He therefore asked the assistance of the two judges of the courts of the state, Strong, of the supreme court, and Hare, president of the district court for the city and county of Philadelphia.

Strong and Hare, sat accordingly as assessors, and heard the questions argued by counsel, on 16th Sep., 1868.

Strong and Hare, on the 18th of September, 1868, expressed their concurrent opinion that the expectant interests in the money payable at the respective deaths of Mrs. Bennett and Mr. Erben, were included in the meaning of the words "property exempted from levy and sale upon execution or other process or order of the court by the laws of the state," and would be exempted under these laws to an amount not exceeding three hundred dollars in each case.

I. S. Serrill, for Erben.

Mr. Dawes, for Bennett.

Mr. Bispham, contra.

CADWALADER, District Judge. The opinion of the learned assessors appears from proceedings of the register and of assignees, who were lawyers, to coincide with prevalent views of members of the legal profession in

the state. I fully concur. In these cases, therefore, the respective exemptions are sustained.